UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**DONACIANO OLIVO and**
**CLARENCE PACHECO,**

            Plaintiffs,

v.                                                                                                  No.

**SANTA FE MOTOR COMPANY, THE RYDELL**
**COMPANY, TRAVIS CRAWFORD d/b/a**
**CRAWFORD AUTO PLAZA, GEORGE**
**WOOLARD, JUDY WOOLARD, J.B. CRAWFORD,**
**CRAWFORD TEXAS PROPERTIES, LTD.,**
**and CRAWFORD CHEVROLET, INC.,**

            Defendants.

## COMPLAINT FOR SUCCESSOR LIABILITY UNDER THE FAIR LABOR STANDARDS ACT AND FRAUDULENT TRANSFER

COME NOW the Plaintiffs, by and through their counsel, the Milstein Law Office (Brandt Milstein), Daniel Yohalem, and Arland & Associates, LLC (Aletheia V.P. Allen and William J. Arland III), and for their Complaint against the above-named Defendants, state as follows:

### Introduction

1. Following a two-day trial in October 2011, on January 31, 2012 the Honorable Judge Bruce Black entered Judgment in favor of the above-named Plaintiffs for violations of their rights under the Fair Labor Standards Act in <u>Donaciano Olivo and Clarence Pacheco v. Crawford Chevrolet, Inc. and Carl Romero</u>, Case No. CV 10-00782 BB/LFG (Doc. No. 150) (the "**FLSA Action**").

2. In the FLSA Action, Plaintiffs Olivo and Pacheco, who worked as auto body repairmen, proved that they were unlawfully required to remain on the premises of

the Crawford Chevrolet, Inc. car dealership without pay. Judge Black awarded Plaintiffs a total of $63,410.00 in damages, plus attorney fees in the amount of $79,248.28 and costs in the amount of $3,493.60.[1]

3. Shortly thereafter, Defendant Crawford Chevrolet, Inc.[2] refused to satisfy the Judgment, claiming that it no longer had any assets because all assets had been sold and the proceeds of those assets had been distributed to, *inter alia,* some or all of the Transferees (defined below). Crawford Chevrolet made this claim despite the fact that the FLSA Action was filed before the sale occurred.[3]

4. Plaintiffs now bring suit against the purchasers of the car dealership, the beneficiaries of that sale, and Defendant Crawford Chevrolet, Inc. and its transferees, to recover the damages, fees and costs awarded.

5. Defendant Santa Fe Motor Company and The Rydell Company are liable for the damages awarded by the Court as successors to Defendant Crawford Chevrolet, Inc. because: 1) The Santa Fe Motor Company and The Rydell Company had notice of the potential liability before the sale of Crawford Chevrolet, Inc. was made; 2) there has been a substantial continuity of business operations at the car dealership following the sale to the Rydell Company/Santa Fe Motor Company; and 3) Crawford Chevrolet, Inc. is unable to satisfy the Judgment.

---

[1] The amount of attorney fees awarded by Judge Black in his Order on Attorneys' Fees entered in the FLSA Action on June 25, 2012 is currently under appeal to the Tenth Circuit Court of Appeals in Case No. 12-2116. The total fees that Plaintiffs seek to recover here will thus either remain the same or be increased as a result of the appeal.

[2] Judgment was not entered against Defendant Carl Romero in the FLSA Action.

[3] Plaintiffs underlying suit was filed on July 21, 2010, while the sale of the Crawford Chevrolet, Inc. car dealership to Defendant Santa Fe Motor Company and The Rydell Company occurred in December 2010.

6. Defendant Crawford Chevrolet, Inc. is liable to Plaintiffs for the damages awarded by the Court in the FLSA Action but, since the commencement of the FLSA Action, has systematically transferred its assets to Crawford Properties, the Transferees (defined below), and the Rydell Company/Santa Fe Motor Company, in an effort to avoid paying Plaintiffs.  Indeed, rather than make payments as required under the damages award by the Court, Defendant Crawford Chevrolet, Inc. transferred funds to Defendants George Woolard, Judy Woolard, J.B. Crawford, Travis Crawford d/b/a Crawford Auto Plaza, and Crawford Texas Properties (collectively, the "**Transferees**") in violation of the New Mexico Uniform Fraudulent Transfer Act, NMSA 1978, §§ 56-10-14 to -25 (1989) (the "**NMFTA**").

7. As a result of these fraudulent transfers, Plaintiffs are entitled to (A) an avoidance of the transfers to Transferees made by Defendant Crawford Chevrolet, Inc., as discussed more fully below, (B) an attachment against the funds transferred to the Transferees and/or (C) a levy of execution on the funds transferred or its proceeds.

**Parties, Jurisdiction and Venue**

8. Plaintiff Donaciano Olivo is now and was at all times relevant to this lawsuit, a resident of the State of New Mexico.

**9.** Plaintiff Clarence Pacheco is now, and was at all times relevant to this lawsuit, a resident of the State of New Mexico.

10. Plaintiffs Donaciano Olivo and Clarence Pacheco are former employees of Defendant Crawford Chevrolet, Inc.

11. Defendant Santa Fe Motor Company is a domestic for-profit corporation registered to do business in the State of New Mexico.

12. Defendant Travis Crawford is, upon information and belief, a resident of the State of Texas and was the owner, president, and sole director of Defendant Crawford Chevrolet, Inc. prior to the sale of that corporation's assets to Defendant Santa Fe Motor Company.

13. Upon information and belief, Defendant Travis Crawford does business as Crawford Auto Plaza.

14. Defendant Travis Crawford is an insider of Defendant Crawford Chevrolet, Inc.

15. Defendant Crawford Texas Properties, Ltd. is a New Mexico limited partnership.

16. Upon information and belief, Defendant George Woolard is a resident of the State of New Mexico and was a part owner and general manager of Crawford Chevrolet, Inc. prior to the sale of that corporation's assets to Defendant Santa Fe Motor Company.

17. George Woolard is an insider of Crawford Chevrolet, Inc.

18. Defendant Judy Woolard is, upon information and belief, a resident of the State of New Mexico and wife of defendant George Woolard.

19. Defendant Judy Woolard is an insider of Crawford Chevrolet, Inc.

20. Defendant J.B. Crawford is, upon information and belief, a resident of the State of New Mexico and is Defendant Travis Crawford's brother

21. J.B. Crawford is an insider of Crawford Chevrolet, Inc.

22. Non-party Crawford Properties, Ltd. was a New Mexico limited partnership, which merged into Crawford Texas Properties, Ltd., effective September 22, 2011.

23. Defendant the Rydell Company is a North Dakota corporation that purchased the assets and assumed the liabilities of Crawford Chevrolet, Inc. on behalf of the Santa Fe Motor Company.

24. Defendant Travis Crawford was limited partner of Defendant Crawford Texas Properties, Ltd. with a 99% interest in the partnership at its formation, and, upon information and belief, maintains that role today.

25. Defendant Travis Crawford is president of non-party Crawford Chevrolet – Geo, Inc., which was the only other forming partner of Defendant Crawford Texas Properties, Ltd.

26. Defendant Crawford Texas Properties, Ltd. is an insider of Defendant Crawford Chevrolet, Inc.

27. Defendant Crawford Chevrolet, Inc. is a corporation formed under the laws of the State of New Mexico.

28. Upon information and belief, Crawford Chevrolet, Inc. is no longer an ongoing business.

29. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) regarding the claims brought under the Fair Labor Standards Act, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 regarding the claims brought under the NMFTA.

30. This Court has personal jurisdiction over Defendants because Defendants conduct and/or have conducted business in the State of New Mexico.

31. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the State of New Mexico.

## General Allegations Common to All Counts

32. On July 21, 2010, Plaintiffs filed suit against Crawford Chevrolet, Inc. and Carl Romero alleging, *inter alia,* violations of the Fair Labor Standards Act.

33. After entry of Judgment in the FLSA Action against Defendant Crawford Chevrolet, Inc. Defendant Crawford Chevrolet, Inc. represented to Plaintiffs that it was unable and unwilling to satisfy the Judgment.

34. Upon information and belief, Defendant Santa Fe Motor Company and/or Defendant the Rydell Company received notice of the lawsuit filed by Plaintiffs against Crawford Chevrolet, Inc. before the sale was made.

35. Following the sale, Defendants Santa Fe Motor Company and The Rydell Company continued the same business of selling and servicing automobiles, at the same location and in the same buildings, that Crawford Chevrolet, Inc. had conducted its business prior to the sale.

36. Defendants Santa Fe Motor Company and The Rydell Company purchased all of the new 2010 and 2011 Chevrolet and Cadillac automobiles and trucks that were on site and owned by Crawford Chevrolet, Inc., and offered them for sale in continuation of the same business operation.

37. Defendants Santa Fe Motor Company and The Rydell Company additionally purchased all of the used automobiles and trucks that were on site and owned by Crawford Chevrolet, Inc. and offered them for sale in continuation of the same business operation.

38. Defendants Santa Fe Motor Company and The Rydell Company assumed Crawford Chevrolet, Inc.'s liabilities to General Motors (or other creditors) for these cars and trucks in continuation of the same business operation.

39. Defendants Santa Fe Motor Company and The Rydell Company acquired Crawford Chevrolet Inc.'s "customer deposits and purchase orders" and "other accrued expenses" as part of its continuation of the same business operation.

40. Defendants Santa Fe Motor Company and The Rydell Company acquired Crawford Chevrolet Inc.'s "work in process" as part of its continuation of the same business operation.

41. Defendants Santa Fe Motor Company and The Rydell Company purchased Crawford Chevrolet Inc.'s "parts [as to General Motors and Jobber]" as part of its continuation of the same business operation.

42. Defendants Santa Fe Motor Company and The Rydell Company acquired Crawford Chevrolet Inc.'s "fixed assets" as part of its continuation of the same business operation.

43. Defendants Santa Fe Motor Company and The Rydell Company acquired Crawford Chevrolet Inc.'s "miscellaneous inventories" as part of its continuation of the same business operation.

44. Defendants Santa Fe Motor Company and The Rydell Company paid Crawford Chevrolet Inc. "consideration for franchise termination and other intangibles" as part of its continuation of the same business operation.

45. Following the sale, Defendants Santa Fe Motor Company and The Rydell Company continued to employ the same employees who had previously been employed by Crawford Chevrolet, Inc. For example, Defendants Santa Fe Motor Company and The Rydell Company continued to employ body shop employees Mike Gonzales, Mike Leyba and Arnold Moya who were employed by Crawford Chevrolet, Inc. prior to the sale.

46. Following the sale, Defendants Santa Fe Motor Company and The Rydell Company continued to employ the same supervisory personnel in the body shop and front office as were employed prior to the sale, including body shop manager Carl Romero and front office manager Margaret Moreno.

47. Following the sale, the same "bodyman" and "painter" positions existed in the body shop as existed prior to the sale.

48. The same body shop equipment, including paint booths, sprayers, hoods and other equipment, were used at the dealership before and after the sale.

49. The same auto body repair and painting techniques were used at the dealership's body shop both before and after the sale.

**Sale of Crawford Chevrolet, Inc. and Insolvency**

50. According to that certain *Bill of Sale*, executed by Travis Crawford as president of Crawford Chevrolet, Inc., and Randy Nehring, Secretary of Santa Fe Motor Company, dated December 3, 2010, on or about December 3, 2010, Defendant Crawford Chevrolet, Inc. d/b/a Santa Fe Chevrolet Cadillac as Seller entered into an *Agreement for*

*Sale of Assets* with the Rydell Company, a North Dakota corporation, as Buyer on behalf of Santa Fe Motor Company.

51. Pursuant to the *Bill of Sale*, Buyer the Rydell Company purportedly transferred $2,874,426.21 to Seller Crawford Chevrolet, Inc. in exchange for a sale of therein-described assets worth $7,048,707.91, minus $4,174,281.10 in assumed liabilities.

52. According to the *Bill of Sale*, the approximate $2.9 million was transferred by Buyer the Rydell Company to Seller Crawford Chevrolet, Inc. by virtue of approximately $2.2 million in cash and $700,000 in the form of a promissory note.

53. The Transfers discussed below all occurred between December 7, 2010 and April 22, 2011 (the "**Transfer Period**").

54. During or shortly after the Transfer Period, Defendant Crawford Chevrolet, Inc.'s debts were greater than Defendant Crawford Chevrolet, Inc. assets, which, according to § 56-10-16(D) do not include the Transfers (defined below), at a fair valuation. Indeed, after the sale, Defendant Crawford Chevrolet, Inc. had debts, including its debts to Plaintiffs, that Defendant Crawford Chevrolet, Inc. was unable to pay as a result of, *inter alia*, the Transfers.

55. During the Transfer Period and shortly thereafter, Defendant Crawford Chevrolet, Inc. did not pay its debts as they became due to Plaintiffs.

**The Transfers**

56. During the four years preceding the filing of this Complaint (the "**Lookback Period**"), Defendant and insider Travis Crawford d/b/a Crawford Auto Plaza received at least $46,068.92 in transfers from Crawford Chevrolet, Inc. (the "**Crawford Auto Plaza Transfers**").

57. During the Lookback Period, Defendant and insider George Woolard received at least $433,049.78 in transfers from Crawford Chevrolet, Inc. (the "**G. Woolard Transfers**").

58. During the Lookback Period, Defendant and insider Judy Woolard received at least $106,179.77 in transfers from Crawford Chevrolet, Inc. (the "**J. Woolard Transfers**").

59. During the Lookback Period, Defendant and insider J.B. Crawford received at least $123,104.12 in transfers from Crawford Chevrolet, Inc. (the "**J.B. Crawford Transfers**").

60. During the Lookback Period, Defendant and insider Crawford Properties and its successor, Crawford Texas Properties, Ltd. received at least $1,103,032.82 in transfers from Crawford Chevrolet, Inc. (the "**Crawford Properties Transfers**").

61. Collectively, the G. Woolard Transfers, J Woolard Transfers, J.B. Crawford Transfers, Crawford Properties Transfers and the Crawford Auto Plaza Transfers, in the total amount of $1,811,435.41, are referred to as the "**Transfers**."

62. The Transfers were and continue to be "transfers" within the meaning of the NMFTA.

63. The Transfers were made in order to divest Crawford of assets in order to avoid making any payments to the Plaintiffs.

64. The Transfers are avoidable and recoverable under NMFTA.

65. The Plaintiffs' investigation is on-going and the Plaintiffs reserve the right to (i) supplement the information on any Transfers, and any additional transfers, and (ii) seek recovery of such transfers.

### Count I – Successor Liability for Violations of the federal Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*)

66. The Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1-65 of this Complaint as if fully restated herein.

67. Defendants Santa Fe Motor Company and The Rydell Company had notice of Plaintiffs' lawsuit against Crawford Chevrolet, Inc. before they purchased Crawford Chevrolet, Inc.

68. There has been substantial continuity in business operations at the car dealership since Defendants Santa Fe Motor Company and The Rydell Company purchased the dealership from Crawford Chevrolet, Inc.

69. Defendant Crawford Chevrolet, Inc. is unable to satisfy the Judgment and attorneys fees and costs awarded to Plaintiffs in the FLSA Action.

70. Plaintiffs Olivo and Pacheco suffered substantial economic damages including lost wages, lost liquidated damages, lost attorney fees and costs, and lost use of such wages, damages, fees and costs.

### Count II – Fraudulent Transfer Pursuant to NMFTA § 56-10-18(A)(1)

71. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-70 of this Complaint as if fully restated herein.

72. At all relevant times there were, and are, at least one or more creditors, as defined in § 56-10-15(D) of NMFTA, who held claims against Defendant Crawford Chevrolet, Inc. within the meaning of § 56-10-15(C) of NMFTA, including the Plaintiffs.

73. The Transfers constitute a transfer of property by Defendant Crawford Chevrolet, Inc. within the meaning of §§ 56-10-15(L) and (J) of the NMFTA.

74. The Transfers were made to insiders as defined in § 56-10-15.

75. Before the Transfers were made, Defendant Crawford Chevrolet, Inc. had been served with the FLSA Action.

76. Upon information and belief, the Transfers were for substantially all of Defendant Crawford Chevrolet, Inc.'s assets.

77. Upon information and belief, Defendant Crawford Chevrolet, Inc. may have concealed additional assets to prevent collection from Plaintiffs.

78. Upon information and belief, Defendant Crawford Chevrolet, Inc. may have concealed all or a portion of the Transfers to prevent collection from Plaintiffs.

79. Upon information and belief, Defendant Crawford Chevrolet, Inc. was insolvent or became insolvent shortly after the Transfers were made.

80. The Transfers occurred shortly before a substantial debt was incurred by virtue of the underlying lawsuit.

81. The Transfers were made by Defendant Crawford Chevrolet, Inc. with the actual intent to hinder, delay or defraud Defendant Crawford Chevrolet, Inc.'s creditors, including Plaintiffs, and to or for the benefit of the Transferees.

**Count III – Fraudulent Transfer Pursuant to NMFTA § 56-10-18(A)(2)**

82. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-81 of this Complaint as if fully restated herein.

83. At all relevant times there were, and are, at least one or more creditors, as defined in § 56-10-15(D) of NMFTA, who held claims against Defendant Crawford Chevrolet, Inc. within the meaning of § 56-10-15(C) of NMFTA, including the Plaintiffs.

84. Defendant Crawford Chevrolet, Inc. did not receive reasonably equivalent value in exchange for the Transfers.

85. At the time Transfers were paid, Defendant Crawford Chevrolet, Inc. was either (a) engaged or was about to engage in a business or transaction for which the remaining assets of Defendant Crawford Chevrolet, Inc. were unreasonably small in relation to the business transaction or (b) intended to incur, or believed or reasonably should have believed it would incur, debts beyond its ability to pay as they become due.

### Count IV – Fraudulent Transfer Pursuant to NMFTA § 56-10-19(A)

86. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-85 of this Complaint as if fully restated herein.

87. At all relevant times there were, and are, at least one or more creditors, as defined in § 56-10-15(D) of NMFTA, who held claims against Defendant Crawford Chevrolet, Inc. within the meaning of § 56-10-15(C) of NMFTA, including the Plaintiffs.

88. Defendant Crawford Chevrolet, Inc. did not receive reasonably equivalent value in exchange for the Transfers.

89. At the time each of the Transfers was paid, Defendant Crawford Chevrolet, Inc. was insolvent or became insolvent as a result of such Transfers pursuant to the definition in § 56-10-16.

WHEREFORE, the Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendants as follows:

A. On Count 1, pursuant to the FLSA 29 U.S.C. § 216(b): (a) requiring Defendants Santa Fe Motor Co. and The Rydell Company to satisfy the judgment, for damages, fees and costs, entered against Defendant Crawford Chevrolet, Inc. in the underlying action; (b) requiring Defendants Santa Fe Motor Co. and The Rydell

Company to pay Plaintiffs their reasonable attorneys fees and costs incurred in this action.

      B.      On Count 2, pursuant to the NMFTA § 56-10-18(A)(1): (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from the Transferees to pay Plaintiffs their damages, attorneys fees and costs.

      C.      On Count 3, against Transferees, pursuant to the NMFTA § 56-10-18(A)(2): (a) avoiding and preserving the Transfers, (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from Transferees to pay Plaintiffs their damages, attorneys fees and costs;

      D.      On Count 4, pursuant to the NMFTA § 56-10-19(A): (a) avoiding and preserving the Transfers (b) directing that the Transfers be set aside, and (c) recovering the Transfers, or the value thereof, from Transferees to pay Plaintiffs their damages, attorneys fees and costs;

      E.      On all Claims for Relief, establishment of a constructive trust over the proceeds of the Transfers in favor Plaintiffs to pay them their damages, attorneys fees and costs;

      F.      On all Claims for Relief, assignment of Transferees' rights to seek refunds from the government for federal, state, and local taxes paid on the amounts transferred;

      G.      On all Claims for Relief, awarding the Plaintiffs all applicable interest, costs, attorneys' fees, and disbursements of this action; and

      H.      On all Claims for Relief, any further relief deemed just and proper by this Court.

Dated: February 14, 2013                              Respectfully submitted,

                                                      **MILSTEIN LAW OFFICE**

                                                      */s/ submitted electronically 2/14/2013*
                                                      Brandt Milstein
                                                      595 Canyon Blvd.
                                                      Boulder, CO 80302
                                                      303.440.8780
                                                      Fax: 303.957.5754
                                                      milstein.law.office@gmail.com


                                                      Daniel Yohalem
                                                      1121 Paseo de Peralta
                                                      Santa Fe, NM 87501
                                                      (505) 983-9433
                                                      Fax:  (505) 989-4844
                                                      DYohalem@aol.com


                                                      **ARLAND & ASSOCIATES, LLC**

                                                      Aletheia V.P. Allen
                                                      William J. Arland III
                                                      201 Third Street NW, Suite 505
                                                      Albuquerque, NM 87102
                                                      (505) 338-4057
                                                      Fax: (505) 338-4061
                                                      aallen@thearlandlawfirm.com

                                                      *Attorneys for Plaintiffs*